FILED

THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2013 JUL -8 PM 12: 48

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

ROBERT MARTIN,

  Plaintiff,

vs.   CASE NO.: 3:13-cv-797-J-32JRK

ENHANCED RECOVERY COMPANY, LLC.,

  Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331.

3. The alleged violations described in the Complaint occurred in Lee County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Mississippi, residing in Lincoln County, Mississippi.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. §1692(a)(3).

6. Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8. Defendant, Enhanced Recovery Company, LLC., (hereinafter "ERC"), is a corporation and a citizen of the State of Delaware with its principal place of business at 8014 Bayberry Road, Jacksonville, FL, 32256.

9. Defendant ERC is a "debt collector" as defined by 15 U.S.C §1692(a)(6).

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

11. Defendant ERC called the Plaintiff approximately sixty (60) times over a three month period, in an attempt to collect a debt. (Please see attached **Exhibit "A"**)

12. Defendant, ERC, attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

13. Defendant ERC intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

14. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention.

15. Each call the Defendant ERC made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

16. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

17. Plaintiff has been assigned telephone number (601) 320-0143 for the past fifteen years.

18. In or about 2011, Plaintiff began receiving calls to his cellular telephone, (601) 320-0143, from the Defendant, ERC, in which they sought to collect a debt from "Carrie Sydney".

19. In or about 2011, Plaintiff informed the Defendant that he did not owe them any money, that he did not know "Carrie", and requested he be taken off their call list or he would seek legal recourse.

20. Calls from the Defendant temporarily stopped from the end of 2011 through 2012.

21. In or about February 2013, Defendant reinitiated its campaign of phone calls to Plaintiff's cellular telephone, (610) 320-0143 in an attempt to collect a debt from "Carrie Sydney" despite actual knowledge that Plaintiff did not know "Carrie" and did not owe the Defendant any money.

22. On more than one occasion, including May 11, 2013, Plaintiff answered Defendant's call and was met with an automated recording instructing him to "press 2" if he was not Carrie Sydney. Plaintiff pressed "two."

23. Each voicemail left by the Defendant had the same, or substantially similar pre-recorded message "Hello, this message is for Carrie Sidney. If you are not this person, please delete this message, as it is not for you. This is Enhanced Recovery Company. We are a collection agency attempting to collect a debt and any information will be used for that purpose. Please contact me about this business matter at 800-496-4599 or visit www.kerc.com and provide the following reference number 71973761. (Please See **Exhibit "B"**).

24. From February 2013, through the filing of this complaint, Defendant ERC continued to call Plaintiff's cellular phone, using an automatic telephone dialing system, for "Carrie Sydney." Despite actual knowledge, Plaintiff was not the correct party, the Defendant continued to contact the Plaintiff in an attempt to collect money.

25. The continuing calls leave Plaintiff to believe that the Defendant is seeking payment from him, and the only way for the calls to stop is to pay the debt.

26. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

27. Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse.

28. Defendant continued to call the Plaintiff every day per their corporate policy, from February 2013 through the filing of this complaint.

29. Plaintiff has received approximately sixty (60) calls in total from the Defendant. (Please See Exhibit A.)

30. Defendant corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendant that they are the wrong party.

31. Defendant corporate policy and procedures provided no means for the Plaintiff to have his cellular number removed from the call list.

32. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

33. Defendant has many similar complaints from non-debtors across the country, as those alleged in this lawsuit, by Plaintiff.

34. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

35. None of Defendant, ERC's, telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

36. Defendants, ERC, willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

37.     Plaintiff incorporates Paragraphs one (1) through thirty-six (36).

38.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the FDCPA)

39.     Plaintiff incorporates Paragraphs one (1) through thirty-six (36).

40.     At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

41.     Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

42.     Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

43.     Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

44.     Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs,

5

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

s/Amanda J. Allen
**William Peerce Howard, Esquire**
Florida Bar #: 0103330
**Amanda J. Allen, Esquire**
Florida Bar #: 0098228
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
bhoward@forthepeople.com
aallen@forthepeople.com
*Attorneys for Plaintiff*